UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SHAWN WILLIAMS, | ) | CASE NO. 3:09 CV 683 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| JESSIE J. WILLIAMS, | ) | <u>AND ORDER</u> |
| | ) | |
| Respondent. | ) | |

On March 26, 2009, petitioner <u>pro se</u> Shawn Williams filed the above-captioned habeas corpus action under 28 U.S.C. § 2254. Williams is incarcerated in an Ohio penal institution, having been convicted, in 1999, of rape and murder. He was sentenced to death, but his sentence was reduced to 40 years to life after the Ohio Supreme Court ruled that, under the Ohio statute existing at the time, a new jury could not be impaneled for resentencing. *State v. Williams*, 99 Ohio St.3d 493 (2004). The petition reflects that Williams filed a state habeas corpus action in December 2008, asserting the trial court lacked "subject matter jurisdiction." This is the sole ground he seeks to raise in support of the petition. For the reasons stated below, the petition is denied and this action is dismissed.

A federal district court may entertain a petition for a writ of habeas corpus by a person in state custody only on the ground that the custody violates the Constitution or laws of the United States. Furthermore, the petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254. Finally, persons in custody pursuant to a state court judgment must file any federal habeas petition within one year of the latest of:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

As a threshold matter, there is no indication on the face of the petition that Williams seeks to raise an issue cognizable in habeas corpus, as he sets forth no federal grounds which might be entitle him to release. Further, his December

2008 state habeas corpus action cannot "retrigger" the statute of limitations for bringing a federal habeas action. *Robinson v. Moore*, No. 00-4348, 20 Fed.Appx. 358, 2001 WL 1136056 (6th Cir. Sept. 19, 2001); Cf. *Searcy v. Carter*, 246 F.3d 515 (2001)(filing of delayed appeal to Ohio Supreme Court does not cause federal habeas statute of limitations to begin running anew). None of the other circumstances set forth in 28 U.S.C. § 2244(d)(1) is claimed to apply, and there is no reasonable suggestion of any other basis for tolling the one year statute of limitations. Therefore, the petition is time-barred in any event.

Accordingly, the petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ Patricia A. Guaghan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 5/20/09